UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

vs.                                                    Case No. 87-CR-80648

JAMES EARL BUTLER, et al.,                  HON. AVERN COHN

    Defendants.
_____/

## ORDER DENYING MOTION FOR DISCLOSURE OF GRAND JURY INFORMATION
## (Doc. 749)

This is a criminal case which has long been closed. James Earl Butler was the eighth defendant in the case. The defendants were charged with conspiracy to possess with intent to distribute heroin and RICO counts. Butler was acquitted by a jury on April 5, 1988. (Doc. 470, 503). Butler was also convicted by a jury in state court for a drug-related murder. State v. Butler, Recorders Court No. 87-57896. Butler is currently serving a life sentence for this conviction.

As will be explained, Butler has contended that an informant in this case, Dion Wilson, gave grand jury testimony, which implicated Butler in crimes, including information that led to his murder conviction.

Before the Court is Butler's "Motion for the Disclosure of Grand Jury Information and Materials Pursuant to the Federal Rules of Criminal Procedure Rule 6(e)(3)(E)(i)" in which he seeks "grand jury information and materials" in this case, particularly the information provided by Wilson. For the reasons that follow, the motion is DENIED.

II.

Butler has requested this information on at least four separate occasions. None of them were successful. First, in 2001, Butler filed a virtually identical motion in this case. The Court denied the motion on the grounds that (1) the request was stale, (2) a discovery subpoena is not available in a criminal case, and (3) Butler had not followed the proper procedures or made the required showing for obtaining material from the Department of Justice, who had custody of the materials he was seeking. (Doc. 744).

In 2002, Butler filed a second request for information under the "privacy act" which was construed as a civil complaint. Butler v. United States, 02-74566. The case was reassigned the to the undersigned as a companion to this case. The Court again denied relief, noting that (1) Butler had not made a sufficient demand for the documents as required by the privacy act, (2) even if Butler's demand was sufficient, the privacy act did not apply because the information he seeks pertains to another individual, not himself, and (3) even construing Butler's complaint as a claim under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, Butler had not exhausted his administrative remedies. See Doc. 10 in case no. 02-74566. As noted in the order of dismissal, the government searched the criminal file it had and attached to its response the only item it was able to find relating to his case–Wilson's trial testimony. The government also explained how Butler could go about filing a FOIA request for any other documents. See id.

It appears that Butler followed the government's advice. In 2004, Butler filed a FOIA action against the Department of Justice, claiming that the government improperly denied his FOIA request for production of documents. Butler v. United States Dept. of

Justice, 04-70342.  The district court granted the government's motion for summary judgment, finding that Butler was not entitled to the requested information.  See Doc. 60 in case no. 04-70342.

Now, in 2015, Butler has filed the instant motion again seeking material related to Wilson.  For all of the reasons explained above, Butler is not entitled to the relief he seeks.

SO ORDERED.

    S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated:  February 10, 2015
    Detroit, MI

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, February 10, 2015, by electronic and/or ordinary mail.

S/Sakne Chami
Case Manager, (313) 234-5160